**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

RAHIM WALIYY SHAKUR,

*Defendant-Appellant.*

No. 00-4755

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-00-72-MU)

Submitted: April 13, 2001

Decided: April 23, 2001

Before WIDENER, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Marshall A. Swann, Charlotte, North Carolina, for Appellant. Mark T. Calloway, United States Attorney, Karen E. Eady, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Rahim Waliyy Shakur appeals the sentence of 180 months imprisonment and three years supervised release imposed by the district court after his guilty plea to attempted carjacking, 18 U.S.C.A. § 2119 (West 2000). Shakur contends that the district court erred in refusing to reduce the offense level under *U.S. Sentencing Guidelines Manual* § 2X1.1(b)(1) (1998), for an attempted crime, and that his total sentence exceeds the statutory maximum sentence of 180 months imprisonment. We affirm.

Shakur was unable to complete the carjacking because the victim's car was equipped with an anti-theft device which prevented him from starting the engine. In sentencing Shakur, the district court refused to make a three-level reduction under USSG § 2X1.1(b)(1), which provides for the decrease if the offense is an attempt, "unless the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense or the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control." The district court decided that the reduction did not apply in Shakur's case because the victim's activation of the anti-theft device was the kind of event beyond the defendant's control that is within the scope of § 2X1.1.

The commentary to § 2X1.1 explicitly states that the reduction is intended for cases in which the defendant is arrested well before he has completed the acts necessary to commit the offense. Shakur had completed all such acts. Therefore, the district court did not err in interpreting the exception to include events beyond the defendant's control other than intrusion by law enforcement. *See United States v. Chapdelaine*, 989 F.2d 28, 35-36 (1st Cir. 1993) ("near accomplishment of the criminal object normally poses enough risk of actual harm, and reveals enough culpability . . . [to defeat] the reduction available for conspiracies and attempts that have not progressed very far."); *accord United States v. Medina*, 74 F.3d 413, 418 (2d Cir. 1996).

Shakur also contends that his sentence of 180 months imprisonment and thirty-six months supervised release exceeded the statutory maximum sentence of 180 months imprisonment provided under 18 U.S.C.A. § 2119(1). Because he did not raise the issue in the district court, it is reviewed for plain error. *United States v. Olano*, 507 U.S. 725, 731-32 (1993) (when issue not preserved for appeal, defendant must show error that was plain, affected substantial rights, and seriously affects the fairness, integrity, or public reputation of judicial proceedings).

The district court accepted the parties' stipulation that the maximum term of imprisonment authorized for Shakur's offense was 180 months. However, supervised release is not treated as part of the incarceration portion of a federal sentence. *United States v. Richardson*, 233 F.3d 223, 231 n.10 (4th Cir. 2000), *petition for cert. filed*, Mar. 19, 2001 (No. 00-9234). Consequently, a term of supervised release may be added to any sentence of imprisonment authorized by the applicable statute, including a maximum sentence. *United States v. Pierce*, 75 F.3d 173, 174 (4th Cir. 1996). The district court thus did not plainly err in imposing a three-year term of supervised release.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*